Francis M. Wikstrom (Utah Bar No. 3462)
Zack L. Winzeler (Utah Bar No. 12280)
PARSONS BEHLE & LATIMER
201 S. Main Street
Suite 1800
Salt Lake City, UT 84111
(801) 532-1234
(801) 536-6111 (facsimile)
fwikstrom@parsonsbehle.com
zwinzeler@parsonsbehle.com

Peter W. Herzog III (*Admitted Pro Hac Vice*)
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2000
(314) 552-8353 (facsimile)
pwherzog@bryancave.com

R. Bruce Duffield (*Pro Hac Vice* forthcoming)
Jena Valdetero (Admitted *Pro Hac Vice*)
BRYAN CAVE LLP
161 N. Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5050 (facsimile)
bruce.duffield@bryancave.com
jena.valdetero@bryancave.com

*Attorneys for Defendant*
*Garmin International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| ANDREA KATZ, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>GARMIN LTD. and<br>GARMIN INTERNATIONAL, INC.,<br><br>            Defendants. | **DEFENDANT GARMIN INTERNATIONAL, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 2:14-cv-00165-RJS<br><br>Judge Robert J. Shelby |

1

**STATEMENT OF RELIEF SOUGHT**

Defendant Garmin International, Inc. ("Garmin International")[1] moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Andrea Katz and Joel Katz's ("Plaintiffs") claims for breach of implied warranty (Count III), violations of Lanham Act, 15 U.S.C. § 1125(a) (Count VI), negligence (Count VII), and negligent misrepresentation (Count VIII) with prejudice.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' claims against Garmin International center around Plaintiffs' dissatisfaction with the Forerunner 610 training watch designed, manufactured, and sold by Garmin International. Plaintiff Andrea Katz purchased the watch as a gift for her husband, Plaintiff Joel Katz, at the Garmin store in Chicago in December 2012. (ECF No. 1. at ¶¶ 4, 5, 22, 26, 27.) Plaintiff Joel Katz complains that the watchband detached from the watch face on three occasions, which required him to travel to the Garmin retail store to have the Forerunner 610's watchband repaired and/or replaced. (*Id*. at ¶¶ 29–36.) Plaintiff Joel Katz was apparently dissatisfied with "the need for the consumer to spend his/her time and money to replace or fix the Plastic Watchband [of the Forerunner 610]." (*Id*. at ¶ 36.)

Plaintiffs subsequently filed the instant Complaint on behalf of themselves and other similarly situated consumer-purchasers of the Forerunner 610. (*Id*. at ¶ 9.) Plaintiffs have asserted nine causes of action, including the four claims that are the subject of this partial motion

---

[1] Defendant Garmin Ltd., which is located in Switzerland and has no role in the matters that are the subject of the Complaint, has not yet been served. Regardless, Garmin Ltd. is not subject to jurisdiction in the United States. Accordingly, this motion is brought on behalf of Garmin International only.

to dismiss.[2] Each of these claims, however, fails to plausibly state a claim for relief against Garmin International:

- Plaintiffs' claim for breach of the implied warranty of merchantability (Count III) fails because Garmin International adequately and conspicuously disclaimed any and all implied warranties, including that of merchantability, and Plaintiff Joel Katz lacks privity with Garmin International;

- Plaintiffs' Lanham Act violation claim (Count VI) must be dismissed because Plaintiffs lack standing to pursue a claim under 15 U.S.C. § 1125(a), which requires that a plaintiff be a "competitor" of Garmin International to assert a claim;

- Plaintiffs' tort claims for negligence (Count VII) and negligent misrepresentation (VIII) are barred by the economic loss doctrine, which precludes Plaintiffs from bringing such causes of action where Plaintiffs only allege damage to the product itself.

Because these claims fail as a matter of law, no attempt to replead these causes of action should be permitted, and these claims should be dismissed with prejudice.

## II.   ARGUMENT

### A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted when the pleadings fail to state a claim upon which relief may be granted. Such a motion tests the sufficiency of the facts and legal theories alleged in the complaint because a complaint must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v.*

---

[2] Because a partial motion to dismiss is a responsive pleading under Federal Rule of Civil Procedure 12(a)(4), Garmin International has not also filed an Answer to the remaining causes of action. With the Court's permission, Garmin International will do so within 14 days after a ruling on the partial motion to dismiss, or otherwise at the Court's request.

*Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. Kopp*, 505 F. Supp. 3d 1120, 1123 (D. Utah 2007). While the court takes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiffs, plaintiffs are still required to "provide the grounds of entitlement to [their] relief." *Twombly*, 550 U.S. at 580. To survive a motion to dismiss, a complaint must overcome two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests" and, (2) "its allegations must actually suggest that the plaintiff has a right to relief, by providing allegations that raise such a right above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Accordingly, where plaintiffs can prove no set of facts in support of their claims that would entitle them to relief, a complaint is properly dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

      **B.**      **Plaintiffs Are Not Entitled To Relief On Their Claim For Breach Of Implied Warranty (Count III).**

In Count III, Plaintiffs allege that Garmin International impliedly warranted that the Forerunner 610 "would be capable of performing as represented and [was] of good, merchantable quality and would be free from defects." (ECF No. 1. at ¶ 51.) Notwithstanding these allegations, Garmin International effectively disclaimed any implied warranties, and Plaintiffs cannot recover for breach of any disclaimed warranties. Further, even assuming *arguendo* that the implied warranty of merchantability was not disclaimed by Garmin International, Plaintiff Joel Katz is still unable to assert a cause of action under this theory because he lacks privity with Garmin International as a non-purchaser of the watch.

1. <u>Plaintiffs cannot bring a claim for breach of implied warranty because all implied warranties were disclaimed.</u>

To state a claim for breach of implied warranty of merchantability, a plaintiff must allege: (1) a sale of goods; (2) by a merchant of those goods; and that (3) the goods were not of merchantable quality. *Brandt v. Boston Scientific Corp.*, 204 Ill.2d 640, 645, 792 N.E.2d 296 (Ill. 2003). A product is not "of merchantable quality" if it is not "fit for the ordinary purposes for which such goods are used." *Indus. Hard Chrome Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) (citing 810 ILCS 5/2-314). This warranty applies only to the condition of the product at the time of sale and only if the defect existed when the product left the seller's control. *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 759 N.E.2d 66, 75 (Ill. App. Ct. 2001).

Under well-settled Illinois law,[3] however, the implied warranty of merchantability can be excluded at the time of sale if the seller provides a disclaimer of such warranties that mentions "merchantability," is in writing, and is conspicuous. 810 ILCS 5/2-316(2); *Great West Cas. Co. v. Volvo Trucks N. Am., Inc.*, No. 08-cv-2872, 2009 WL 588432, *3 (N.D. Ill. Feb. 13, 2009) (unpublished). A disclaimer is conspicuous where it is larger in type than the surrounding text, contrasting in type, font, or color compared to the surrounding text, set off from surrounding text of the same size by symbols or other marks that call attention to the language, or set off by a bold heading. 810 ILCS 5/1-201(10(B); *Great West*, 2009 WL 588432, at *3 (dismissing claim for breach of implied warranties of fitness and merchantability) (collecting cases); *M. Block & Sons,*

---

[3] Under Utah's choice of law principles, applying the "most-significant relationship test" of the Second Restatement, Illinois law applies to Plaintiffs' claims because the alleged injury occurred in Illinois, the alleged wrongful conduct occurred in Illinois, the Forerunner 610 was purchased in Illinois, and consequently, the parties' relationship with respect to the foregoing events is "centered" in Illinois. *See Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1060 (Utah 2002); *Grange, Jr. v. Mylan Labs., Inc.*, No. 07-cv-107 TC, 2008 WL 4813311, at *3 (D. Utah Oct. 31, 2008) (unpublished).

4832-0075-9584.2

*Inc. v. Int'l Bus. Mach. Corp.*, No. 04 C 340, 2004 WL 1557631, *9 (N.D. Ill. July 8, 2004) (unpublished) (dismissing claim for breach of implied warranty where disclaimer was set off by a bold subheading that stated "Extent of Warranty"); *MAN Roland, Inc. v. Quantum Color Corp.*, 57 F. Supp. 2d 568, 573 (N.D. Ill. 1999) (dismissing breach of implied warranties counterclaims where disclaimer language specifically mentioned merchantability and was written in a contrasting type set (large, bold letters)).

Even if Utah law applied, the result would be the same. Utah's version of the Uniform Commercial Code regarding warranty disclaimers is identical to that of Illinois. *Compare* Utah Code Ann. § 70A-2-316(2) ("[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous") *with* 810 ILCS 5/2-316(2) ("[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous").  Thus, under Utah law, like in Illinois, the implied warranty of merchantability can be excluded where sales documents conspicuously and expressly exclude it. *See also Monarch Nutritional Labs., Inc. v. Maximum Human Performance, Inc.*, No. 2:03CV474TC, 2005 WL 1683734, *10 (D. Utah July 18, 2005) (unpublished) (holding that where warranty disclaimer was in writing, was in capital letters, and specifically mentioned merchantability, the warranty disclaimer was enforceable); *Rawson v. Conover*, 2001 UT 24, ¶¶ 50–52, 20 P.3d 876 (affirming holding that implied warranties were excluded by capital letter disclaimers in sales documents).

Here, Garmin International provided a warranty disclaimer with all of its Forerunner 610 products at the time of sale, including in December 2012 when Plaintiff Andrea Katz purchased the Forerunner 610.  (*See* Affidavit of Kelley E. Grist ("Grist Affidavit"), attached hereto as

Exhibit 1, ¶ 4.)   That disclaimer mentioned "merchantability," was in writing, and was conspicuously written in capital letters that contrasted with the surrounding text, and was set off by the bold heading "**Limited Warranty**."  The warranty provided, in pertinent part:

> THE WARRANTIES AND REMEDIES CONTAINED HEREIN ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES EXPRESS, IMPLIED, OR STATUTORY, INCLUDING ANY LIABILITY ARISING UNDER ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, STATUTORY OR OTHERWISE.

(*See* Important Safety and Product Information document, attached as Exhibit A to the Grist Affidavit.)[4]  Like in *Great West*, *M. Block & Sons*, and *MAN Roland*, Garmin International's limited warranty disclaimed any implied warranties, including that of merchantability. In fact, a warranty disclaimer substantially similar to Garmin's, which stated, "ALL OTHER WARRANTIES, EXPRESSED OR IMPLIED, AND ALL OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY DISCLAIMED" has been described as "a textbook example of how to properly draft a waiver of such warranties." *Chicago Trax, Inc. v. AMS Neve, Inc*., No. 99 C 6152, 2001 WL 883605, *7 (N.D. Ill. Aug. 6, 2001) (unpublished).

---

[4] The Court may consider Garmin International's disclaimer contained in the Important Safety and Product Information without converting Garmin International's Partial Motion to Dismiss into one for summary judgment because the warranty documents are central to Plaintiffs' warranty claims. *See e.g*., *Great West*, 2009 WL 588432, at *2 (considering warranty documents in ruling on motion to dismiss); *Alvarado v. KOB-TV, LLC*, 493 F.2d 1210, 1215 (10th Cir. 2007) ("However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'").

7

Because Garmin International disclaimed any implied warranties, Plaintiffs are not entitled to any relief under a breach of implied warranty theory of liability under either Illinois or Utah law.  Accordingly, Count III of Plaintiffs' Complaint should be dismissed with prejudice.

>        2.       Plaintiff Joel Katz cannot sue for breach of implied warranty because he lacks privity with Garmin International.

Privity of contract is a "prerequisite to recover economic damages for breach of implied warranty."  *See e.g.*, *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 678 (N.D. Ill. 2005); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003); *IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 994, 1000 (N.D. Ill. 2008); *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 807 N.E.2d 1165, 1168 (Ill. App. Ct. 2004); *Lurzer v. Allied Signal, Inc.*, No. 96 C 3845, 1998 WL 102637, *6 (N.D. Ill. Feb. 27, 1998) (unpublished) ("Where a plaintiff seeks damages for economic loss based on an implied warranty action, horizontal or vertical privity must exist.")

A horizontal non-privity plaintiff is one who is not a buyer in the distributive chain, but who uses or is otherwise affected by the particular product.  *Hemphill v. Sayers*, 552 F. Supp. 685, 690 (S.D. Ill. 1982).  Plaintiff Joel Katz, who did not purchase the Forerunner 610, but who was given the Forerunner 610 as a gift and otherwise used it is a horizontal non-privity plaintiff. (ECF No. 1 at ¶¶ 4, 5, 27); *Hemphill*, 552 F. Supp. at 690.  While the Illinois UCC has expanded the class of permissible horizontal non-privity plaintiffs to include "any natural person who is in the family or household of the buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume, or be affected by the goods <u>and who is injured in person</u> by breach of the warranty," 810 ILCS 5/2-318 (emphasis added), any "horizontal non-privity plaintiff not within the language of Section 2-318 is not entitled to warranty protection."

*Hemphill*, 552 F. Supp. at 691. Plaintiff Joel Katz did not suffer personal injury, let alone one due to any alleged breach of any implied warranty, nor does he allege as much. Thus, he does not fall within the language of Section 2-318 and is not entitled to warranty protection. His claim for breach of warranty must be dismissed for this additional reason.

### C. Plaintiffs Lack Standing To Bring A Claim For False Advertising Under The Lanham Act (Count VI).

Count VI for false advertising fails because Plaintiffs lack standing to bring a claim under the Lanham Act. Section 1125(a) of the Lanham Act (often referred to as "Section 43(a)") was enacted as a form of federal common law for unfair <u>competition</u>. *See Swartz v. Schaub*, 826 F. Supp. 274, 276 (N.D. Ill. 1993) (emphasis in original). Thus, "[t]o have standing to allege a false advertising claim under the Lanham Act, the plaintiff must assert a <u>competitive</u> injury, and under the laws of this Circuit, such injury exists where a plaintiff is a <u>competitor</u> of the defendant." *Zang v. Alliance Fin. Servs. of Ill., Ltd.*, No. 08 C 3370, 2009 WL 1285531, *4 (N.D. Ill. May 7, 2009) (unpublished) (collecting cases) (emphasis added); *Doctor's Data, Inc. v. Barrett*, No. 10 C 03795, 2011 WL 5903508, *6 (N.D. Ill. Nov. 22, 2011) (unpublished) (collecting cases). Likewise, the Tenth Circuit holds that a plaintiff must be in competition with the defendant in order to have standing to bring a Lanham Act claim. *See Hutchinson v. Pfeil*, 211 F.3d 515, 520–22 (10th Cir. 2000) (affirming dismissal for lack of standing). In *Zang*, where the plaintiff was an individual and clearly did not compete with defendants, and where plaintiff pled no facts to even suggest that he was or intended to be a competitor of the defendants, the plaintiff had failed to establish that his injury was "competitive." 2009 WL 1285531, at *5. In dismissing the plaintiff's Lanham Act claim with prejudice, the court cited *Swartz* for the proposition that to

hold otherwise would essentially "federalize every contract for the sale of goods in which a buyer charges the seller with misrepresentation." *Id*.

Plaintiffs have not pled that they suffered a "discernable competitive injury," that they competed with Garmin International in any fashion, or even that they intended to. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football, Inc*., 188 F.2d 427, 438–39 (7th Cir. 1999) (affirming dismissal based on plaintiff's lack of standing to bring suit under section 43(a) of the Lanham Act); *Goodloe v. Nat'l Wholesale Co., Inc.*, No. 03 C 7176, 2004 WL 1631728, **11–12 (N.D. Ill. July 19, 2004) (unpublished). Nor can they. Thus, Plaintiffs have failed to establish a "competitive injury," requisite to sustain a Lanham Act claim. Plaintiffs' claim for violations of the Lanham Act, then, should be dismissed with prejudice.

> **D. Plaintiffs' Tort Claims For Negligence (Count VII) And Negligent Misrepresentation (Count VIII) Should Be Dismissed Because They Are Barred By The Economic Loss Doctrine.**

Plaintiffs seek to bring alternative tort claims for negligence and negligent misrepresentation against Garmin International, although the core of their allegations stem from contract law. Nevertheless, when a product defect is qualitative in nature and relates to a consumer's expectation that the product is of a particular quality, resulting in economic loss but not personal injury or damage to other property, then the plaintiff cannot maintain a tort action. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 451–453 (Ill. 1982); *Bd. of Educ. of City of Chi. v. A, C, & S, Inc.*, 546 N.E.2d 580, 585–586 (Ill. 1989). Put another way, "where only a product is damaged, purely economic losses 'caused by qualitative defects falling under the ambit of a purchaser's disappointed expectations' may not be recovered under the tort theories of strict liability, negligence, or innocent misrepresentation which are 'appropriately suited for personal injury or property damage resulting from a sudden or dangerous occurrence.'"

10

*Coleman Cable Sys., Inc. v. Shell Oil Co.*, 847 F. Supp. 93, 94 (N.D. Ill. 1994). Rather, in this scenario a plaintiff's remedy lies in contract, which sufficiently protects the plaintiff-purchaser's economic expectation interest when a product is unfit for its intended use. *Id*. at 95. To hold otherwise would "force manufacturers to guaranty 'that all their products would continue to perform satisfactorily throughout their reasonably productive life,'" which was not intended by the legislature in enacting the UCC. *Id*. (dismissing negligence claim based on a defendant's alleged failure to warn of a defect because of the economic loss doctrine). Further, the fact that a warranty remedy is actually available is not a condition of dismissal of a negligence count based on the economic loss doctrine. *See Anderson Elec. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 249 (Ill. 1986) (collecting cases).

Utah has an equivalent economic loss doctrine. According to the Supreme Court of Utah, "[t]he economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement by the parties, and tort law, which protects individuals and their physical harm by imposing a duty of reasonable care." *Davencourt at Pilgrims Landing Homeowner's Ass'n v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234, 242 (Utah 2009) (affirming dismissal of negligence claim based on economic loss rule). Utah has even codified this doctrine. *See* U.C.A. 1953 § 78B-4-513 ("Except as provided in Subsection (2), an action for defective design or construction is limited to breach of the contract, whether written or otherwise, including both express and implied warranties.). The Tenth Circuit has affirmed the economic loss doctrine's viability in Utah in holding that "parties cannot recover for the cost of defective goods using tort claims because contract law covers such claims." *Simantob v. Mullican Flooring, L.P.*, 527 Fed. Appx. 799, 803 (10th Cir. 2013).

11

Plaintiffs' Complaint only alleges damages in the form of economic losses. Economic losses are defined as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits . . . as well as the diminution in value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold" and without any claim for personal injury or damage to property other than the product itself. *Moorman,* 435 N.E.2d at 453; *Davencourt*, 221 P.3d at 242. Plaintiffs allege only that they have had to incur costs of repair and replacement of their allegedly "defective" Forerunner 610 watch, but nowhere do Plaintiffs allege damages related to property other than the Forerunner 610 or personal injury. (ECF No. 1 at ¶¶ 30, 31, 33, 34 and *see generally* ECF No. 1.) These are economic damages and are not recoverable by Plaintiffs under their tort theories of liability—negligence and negligent misrepresentation. Plaintiffs' negligent and negligent misrepresentation claims should be dismissed for this reason alone.

Plaintiffs' negligent misrepresentation claim fails for the additional reason that Garmin International is not in the business of supplying information. To state a claim for negligent misrepresentation, this is precisely what Plaintiffs must plead and prove. *See Coleman*, 847 F. Supp. at 95. In fact, a plaintiff must establish that (1) defendant was in the business of supplying information and (2) that defendant supplied the information to guide others in business transactions with third parties. *Id*. This analysis focuses on the nature of information provided and its relation to the particular type of business conducted. *Id*. Utah adopts a similar approach of limiting negligent misrepresentation claims to "misrepresentations made by persons engaged in the business or profession of supplying guidance to others" and not to "misrepresentations made during commercial transactions where the parties are dealing at arm's length." *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1265 (D. Utah. 2004).

Manufacturers of tangible non-informational goods, like Garmin International, are not considered to be in the business of supplying information. *Coleman*, 847 F. Supp. at 95; *see also Bd. of Educ.*, 546 N.E.2d at 591–592 (citing *Moorman*, 435 N.E.2d at 452). Any information provided by such a manufacturer is merely incidental to the sale of goods. *Coleman*, 847 F. Supp. at 95 (collecting cases and holding that manufacturers are not in the business of supplying information for purposes of the economic loss doctrine simply on the basis that it advertised products); *Fox Assocs., Inc. v. Robert Half Int'l, Inc.*, 777 N.E.2d 603, 607 (Ill. App. Ct. 2002) (stating that manufacturers and sellers of tangible goods were prime examples of defendants not deemed to be in the business of providing information); *Fink v. DeClassis*, 745 F. Supp. 509, 513 (N.D. Ill. 1990) (dismissing negligent representation claim and holding that information is always exchanged during a business transaction, but that a manufacturer is not "in the business of supplying information" merely because it provided information regarding its products) (collecting cases). As the *Coleman* court held, "[m]anufacturers in all industries must advertise to sell their products, and these advertisements can form the basis of recovery under warranty theories. Recovery under the theory of negligent misrepresentation is not permitted." 847 F. Supp. at 96

Garmin, then, as a manufacturer of tangible goods, cannot be considered "in the business of supplying information." Plaintiffs concede as much. Their Complaint alleges only that "Defendants were, and at all times mentioned in this Complaint are in the business of, *inter alia*, designing, manufacturing, assembling, inspecting, marketing, distributing, selling, and servicing various types of innovative GPS technology." (ECF No. 1 at ¶ 16.) Noticeably absent from Plaintiffs' explanation of Garmin International's business model, however, is any mention of the supply of information. Consequently, Plaintiffs cannot state a claim against Garmin

13

International for negligent misrepresentation. Counts VII and VIII should be dismissed with prejudice.

## III. CONCLUSION

For these reasons, the Court should dismiss Counts III (breach of implied warranty), VI (violation of the Lanham Act), VII (negligence), and VIII (negligent misrepresentation) of the Complaint with prejudice.

Dated: November 12, 2014        Respectfully submitted,

By: /s/ Zack L. Winzeler
Francis M. Wikstrom
Zack L. Winzeler
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

Peter W. Herzog (Admitted *Pro Hac Vice*)
BRYAN CAVE LLP
211 N. Broadway
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile (314) 259-2020

R. Bruce Duffield (*Pro Hac Vice* forthcoming)
Jena Valdetero (Admitted *Pro Hac Vice*)
BRYAN CAVE LLP
161 N. Clark Street, Suite 4300
Chicago, IL 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on November 12, 2014, through the Court's electronic filing system:

- **Mark F. James**
  mjames@hjdlaw.com

- **Mitchell A. Stephens**
  mstephens@hjdlaw.com

- **Noel J. Nudelman**
  njnudelman@hnklaw.com

/s/ Zack L. Winzeler_____

4832-0075-9584.2