IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANDREA KATZ on behalf of herself and all persons similarly situated,<br><br>    and<br><br>JOEL KATZ on behalf of himself and all persons similarly situated,<br><br>            Plaintiffs,<br><br>        vs.<br><br>GARMIN, LTD, and GARMIN INTERNATIONAL, INC.,<br><br>            Defendants. | **ORDER APPROVING SETTLEMENT, GRANTING ATTORNEY FEES AND REPRESENTATIVE PAYMENTS, AND DISMISSING THE CASE WITH PREJUDICE**<br><br>Civil No. 2:14-cv-165-RJS<br><br>Judge: Hon. Robert J. Shelby |

Plaintiffs, Andrea Katz and Joel Katz, on behalf of themselves and a Class and Subclasses of all other persons similarly situated (collectively "Plaintiffs") and Defendant, Garmin International, Inc. ("Defendant"), entered into a Settlement Agreement to fully and finally resolve Plaintiffs' claims against Defendant. *See* ECF 54 at Ex. 1.  On May 31, 2016, the Court entered an Order preliminarily approving the settlement. ECF 55. On November 3, 2016, this Court held a Final Fairness Hearing. This matter is now before the Court on the Parties' Motion for Final Approval of Class Action Settlement, ECF 65, and Plaintiffs' Motion for Award of Attorneys' Fees and Representative Payments, ECF 63.  For the reasons stated below, the Court grants both motions and dismisses the case with prejudice.

I.  **INCORPORATION OF OTHER DOCUMENTS**

  1. This Order Approving Class Action Settlement hereby incorporates by reference and makes a part hereof:

    a. The Settlement Agreement; and

      b.  The Findings of Fact and Conclusions of Law filed with Plaintiffs' Motion for Award of Attorneys' Fees and Representative Payments, ECF 63.

## II. FINAL CERTIFICATION OF THE SETTLEMENT CLASS

2.    This Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice incorporates by reference the definitions in the Settlement Agreement, and terms used herein shall have the same meanings as set forth in the Settlement Agreement. *See* ECF 54 at Ex. 1.

3.    The Class and Subclass this Court provisionally certified in the Preliminary Approval Order, ECF 55, is hereby finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3). The Class and Subclasses are defined as follows:

> <u>Class</u>: All persons who purchased and/or owned the Garmin Forerunner 610 watch (the "Watch") between April 2011 and July 2014 in the United States.
>
> <u>Subclass 1</u>: Class members who purchased a replacement Watchband to address the alleged design defect regardless of where they purchased the replacement Watchband.
>
> <u>Subclass 2</u>: Class members who paid to repair the Watchband or Watch regardless of where they had the Watchband or Watch repaired due to the Watchband or Watch being damaged as a result of the alleged design defect.

4.    Excluded from the Settlement Class are: (i) individuals who are or were during the class period partners, associates, officers, directors, shareholders, or employees of Defendant; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, *i.e.* opt out; (iv) all persons who have previously released Defendant from claims covered by this Settlement; and (v) all persons who have already received payment from Defendant or who have otherwise been compensated by Defendant by virtue of free repair or free replacement of the Watch or watchband for alleged violations with respect to an allegedly defective Watch or watchband.

5. Andrea Katz and Joel Katz are hereby appointed Class Representatives.

6. Andrea Katz and Joel Katz are hereby appointed Subclass Representatives.

7. Noel J. Nudelman of Heideman Nudelman Kalik, P.C., is hereby appointed as Class Counsel for the Class and Subclasses.

8. Plaintiffs and Class Counsel have fully and adequately represented the Class and Subclass and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

## III. ADEQUACY OF NOTICE AND FINAL APPROVAL OF SETTLEMENT

9. The Preliminary Approval Order outlined the form and manner by which Defendant was to provide the Class and Subclasses with notice of the Settlement, the fairness hearing, and related matters. *See* ECF 55. The Court finds that the Class Notice and notice program fully complied with all applicable requirements of law, including Rule 23 of the Federal Rule of Civil Procedure and the requirements of due process, providing to the Class and Subclasses the best notice practicable under the circumstances.

10. The Class Notice and notice program was reasonably calculated under the circumstances to apprise the Class of (a) the terms of the Settlement and each Class Member's rights to opt out of the Class or object to the Settlement, (b) notice of the final approval and fairness hearing and the opportunity to appear and object, (c) the maximum amount of Class Counsel's expected Fee Application, and (d) the expected request for incentive awards for the individual named Plaintiffs. The Class Notice and notice program provided sufficient notice to all persons entitled to notice.

11. The Court hereby grants final approval of the Settlement on the basis that the settlement is fair, reasonable and adequate to the Settlement Classes. *See* Fed R. Civ. P. 23(e). The Settlement provides significant value, both monetary and non-monetary, to the case and the

Class and Subclasses. In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated inasmuch as it was the result of vigorous arms' length negotiations over several months which were undertaken in good faith by counsel with significant experience litigating consumer class actions, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation.  The Court gives weight to the parties' judgment that the Settlement is fair and reasonable, as well as to the Class's reaction to the Settlement.

12. Those Class Members identified in **Exhibit A** timely and validly requested exclusion from the Settlement Class and Subclasses. Pursuant to Fed. R. Civ. P. 23(c), said Class Members are therefore excluded and not included in or bound by this Order and may individually pursue claims (if any) against Defendants.

13. The Objection filed by Michael McFadzen, ECF 62, is overruled because it provides no clear basis for objecting to this Settlement.

14. The Court finds that Defendant fully complied with all applicable requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and that all required notice thereto was provided at least 90 days in advance of the instant order granting final approval of the Settlement. *Id.* at § 1715 (d).

### IV.   ATTORNEYS' FEES AND INCENTIVE AWARDS

15. The Court awards attorneys' fees and expenses of $385,000.00 to Class Counsel, to be paid by Defendant Garmin International, Inc., as provided for by the Settlement Agreement.  The Court finds that the foregoing fee and cost award is reasonable for the reasons stated in the Court's Findings of Fact and Conclusions of Law Regarding Plaintiffs' Motion for Approval of Parties Separately Negotiated Payment of Attorneys' Fees and Expenses.

16. The Court awards Class Plaintiff Andrea Katz an Incentive Award of $1,250.00 and awards Class Plaintiff Joel Katz an Incentive Award of $1,250.00, to be paid by Defendant Garmin International, Inc., as provided for by the Settlement Agreement.

## V. RELEASES AND FINAL JUDGMENT

17. The Court hereby dismisses with prejudice all Released Rights, as outlined in the Settlement Agreement. Pursuant to Fed. R. Civ. P. 23(c)(3), the Plaintiffs, Class Members, and Subclass Members, are barred from instituting or prosecuting, in any capacity, an action or proceeding against Defendant that asserts a claim released in the Settlement Agreement. Only those Class Members who have not filed timely and valid requests for exclusion from the Class are Class Members who are bound by this Final Judgment and by the terms of the Settlement. The Court dismisses without prejudice the claims of such Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement.

18. The Release set forth in the Settlement Agreement is expressly incorporated herein in all aspects, is effective as of the date of this Order and Final Judgment, and forever discharges the Released Defendant from any claims or liabilities arising from or related to the released claims. *See* Settlement Agreement at §§ 4.01, 4.02 (ECF 54, Ex. 1).

19. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing by any party in any civil, criminal or administrative proceeding.

20. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over the parties, including all members of the Class and Subclasses defined above, and the execution, consummation, administration, and enforcement of the terms of the

Settlement Agreement and the award of attorneys' fees and Incentive Awards, and to effectuate the Final Order and Judgment, and for any other purpose, including but not limited to:

   a. Enforcing the terms and conditions of the Settlement Agreement, and resolving any disputes, claims or causes of action, that in whole or in part, are related to or arise out of the Settlement Agreement, this Order and Final Judgment (including whether a person or entity is a Class Member, whether a person has properly opted out of the Class, whether any individual has made any misrepresentation or engaged in any other improper conduct in connection with the opt-out process, whether the claims or causes of action allegedly related to this case are or are not barred by this Order and Final Judgment;

   b. Claims, causes of action or litigation directed against the attorneys for the Class or for the Defendant that do or could arise out of this Order Approving the Class Settlement;

   c. Entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Order and Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceeding or to ensure the fair and orderly administration of this Settlement; and

   d. Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

21.   The Terms of the Settlement Agreement and of this Order and the Final Judgment shall be forever binding on the Plaintiffs and all other Class Members, as well as their heirs,

executors and administrators, personal representatives, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this action or otherwise encompassed by the Release.

## CONCLUSION

Defendants' Motion for Approval of the Settlement (ECF 65) is granted.  Plaintiffs' Motion for Attorney Fees and Representative Payments (ECF 63) is granted.  The case is hereby dismissed with prejudice. The Clerk is directed to close the case.

**SO ORDERED** this 3rd day of November, 2016.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

# EXHIBIT A

1. Jose E. Mijares. *See* ECF 61.